IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civil Case No.: 1:16-cv-00411 |
| STORMEY D. BURROUGHS JACKSON,<br>MARCIA L. BURRELL,<br>SHERITA N. BURRELL and<br>ANDREWS FUNERAL HOME, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# ORDER

This matter is before the Court on Interpleader Plaintiff, Metropolitan Life Insurance Company's ("MetLife") "Motion for Leave to Interplead Funds." (Doc. 32). Having considered the motion, the Court finds as follows:

1.  MetLife filed an interpleader complaint because Defendants made conflicting claims for the life benefits of Decedent Edward Burrell under the Chrysler Basic Life Insurance Plan, an ERISA-regulated

employee benefit plan sponsored by Chrysler and funded by a group life insurance policy issued by MetLife (the "Plan").

2. MetLife has now filed a motion to interplead the Plan benefits into an interest bearing account with the Court.

3. MetLife's Motion for Leave to Interplead Funds (Doc. 32) is **GRANTED** and MetLife is **ORDERED,** within thirty days after the date of this Order, to deposit into the Registry of the Court benefit funds in the amount of Fifty-Nine Thousand and Five Hundred Dollars ($59,500.00), plus any applicable interest due under the terms of the Plan, for subsequent disbursement to one or more of the interpleader defendants in accordance with the judgment of this Court.

4. The Court finds that no parties to this lawsuit have any additional cognizable claims for the Plan benefits at issue against MetLife, Chrysler, or the Plan. Therefore, upon MetLife's payment of the aforementioned Plan benefits into the Registry of this court, the Court **DIRECTS** the Clerk of the Court to **DISMISS** MetLife from this action **WITH PREJUDICE** and discharge it, Chrysler, and the Plan from liability as to any claims relating to the Plan. The Court also permanently restrains and enjoins the interpleader defendants,

Stormey D. Burroughs Jackson, Marcia L. Burrell, Sherita N. Burrell and Andrews Funeral Home, from instituting or prosecuting any other action or proceeding in any state or United States court against MetLife or any subsidiary or related companies, Chrysler, or the Plan, for the recovery of the Plan benefits.

5. Finding no just reason for delay, the dismissal of MetLife shall be final pursuant to Fed. R. Civ. P. 54(b). The underlying action will continue between the interpleader Defendants.

6. The Court also finds that MetLife is entitled to recover its reasonable attorneys' fees and disbursements expended in this matter and that such attorneys' fees and disbursements shall be paid from the interpleader funds. Following the interpleader of the aforementioned funds, MetLife shall file appropriate proof of its attorney fees and disbursements.

**DONE and ORDERED** this 21st day of December, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE